IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

      Plaintiff,

v.                                         Civil Action 2:23-cv-3010
                                           Judge Michael H. Watson
                                           Magistrate Judge Kimberly A. Jolson

UNITED HEALTHCARE
SERVICES, INC.,

      Defendant.

## ORDER

The parties' months-long discovery disputes continue to demand the Court's attention. The Court chronicled the substance of the disputes in its April 10 Opinion and Order on the parties' motions to compel. (Doc. 51; *see also* Docs. 35, 36). Relevant now is the parties' joint status report about their efforts to resolve their differences. (Doc. 62)

**A.     Resolved Discovery Disputes**

The parties made some progress. The parties now agree about the discovery regarding Defendant's vacant job positions that did not require workers to receive the COVID-19 vaccination. (*Id.* at 4). They are also on their way to resolving the discovery dispute about Charging Party Amanda Stone's medical records. Particularly, Plaintiff disclosed a list of Stone's medical providers and produced about 200 pages of medical records. (*Id.* at 2). Plaintiff further represents that it will continue to produce medical records as it receives them, which it says will take until June 30. (*Id.* at 2, 4). Defendant will then resume Stone's deposition, hopefully in July, after it receives all the records. (*Id.*). Plaintiff will supplement answers to the relevant interrogatories that month, too. (*Id.* at 4).

While the parties' progress is commendable, their work is not done.

B.    **Executive Responses and Stone's Email Account**

Concerning discovery about an "Executive Responses" document (*see* Doc. 51 at 12–14), the parties need more time. Defendant conducted searches of custodians whose email accounts potentially contained information about the document. (Doc. 62 at 14–15). The searches returned no results. (*Id.*). Plaintiff is not satisfied and has identified other custodians whose accounts it wants Defendant to search. (*Id.* at 4–5, 15). Though Defendant considers this an expansion of the EEOC's discovery requests, it has agreed to test search terms for eleven more custodians. (*Id.*). Defendant believes that will take about two weeks to collect the data from the custodians and test the searches. (*Id.* (but stating Defendant has not agreed at this time to review the results of Plaintiff's proposed search terms or agreed to produce non-privileged search term hits regardless of responsiveness)).

Similarly, Defendant is still working through Plaintiff's demands related to Stone's email account. Defendant states that Stone's entire email account was reviewed document-by-document, and any document containing the relevant negotiated search terms already was produced. (Doc. 62 at 15–16). Plaintiff still seeks "wholesale production" Stone's mailbox and related metadata. (*Id.*). It seems that Defendant is "considering" this request. (*Id.* at 6).

For these two disputes, Plaintiff proposes that the parties should continue to work together and provide an update to the Court by July 15. The Court agrees that the parties should collaborate further, but given the age and ongoing nature of these disputes, the Court requires more expeditious work. By June 20, 2025, if these two disputes are not resolved, Defendant is **ORDERED** to file a declaration detailing what searches it has completed and the outcome of those searches, and any reasons why further searches are either not proportional to the needs of this case or beyond the

scope of the discovery requests at issue. Plaintiff is **ORDERED** to file a declaration detailing what else it believes is necessary and why. Should the parties not resolve these issues themselves, the Court intends to decide whether Defendant is required to put forth further discovery efforts pertaining to the Executive Responses document and Stone's email account based on these filings.

### C. United Healthcare Services, Inc. Employee Information

Requiring even more attention is the parties' ongoing dispute about discovery related to other United Healthcare Services, Inc. ("UHC") employees who asked to be excepted from the COVID-19 vaccination policy or who were excluded from the policy because their positions did not have in-person contacts. The parties' positions on this issue seemingly remain far apart, and each side accuses the other of not cooperating. (Doc. 62 at 7–11, 16).

The Court ordered the parties to narrow the scope of the relevant discovery requests, citing Defendant's concerns about the time and expense of producing detailed responses for more than 400 employees. (Doc. 51 at 22). To this end, Plaintiff proposed a limited set of documents (such as job profiles and job descriptions) for a group of employees who requested exemptions to or were excluded from Defendant's vaccination policy. (Doc. 62 at 7). Defendant agreed "to produce job descriptions for the majority of the employees at issue." (*Id.* at 16). Plaintiffs also sought more detailed information for fewer than 20 employees. (*Id.* at 8). Defendants "agreed to produce job profiles" for this subset. (*Id.* at 16).

Despite this progress, Plaintiff views all this discovery as only a "first step" towards narrowing their discovery requests. (*Id.* at 6–8). Apparently, Plaintiff will want more documents for more employees which, it claims, it needs to assess and rebut Defendant's undue hardship assertions. (*Id.* at 8–10). On the other hand, Defendant believes the EEOC "has what it needs between these documents and documents already produced in litigation to understand the potential

3

for in-person contacts within the position and access the decision made regarding individual employees." (*Id.* at 16). Defendant accuses Plaintiff of using these successive discovery requests to delay completing discovery in this case. (*Id.*).

Ultimately, since Defendant is still in the process of turning over information relevant to this discovery dispute, this issue is not yet ripe for Court intervention. Defendant is **ORDERED** to complete the agreed to production **within seven (7) days**. If Plaintiff still believes that more must be done, Plaintiff is **ORDERED** to file a brief, limited to 5 pages, **on or before June 17, 2025**, explaining what more it wants and why the discovery produced so far is insufficient. Defendant will have one week to respond with the same page limitation, and no replies will be permitted absent leave of Court. The Court defers a decision about whether oral argument is warranted for now. Should judicial intervention prove necessary, the Court intends to shift fees.

### D. Scope of Additional Discovery

Though not at issue in the motions to compel, the parties would like the Court to intervene on yet another discovery dispute—this one involving third-party Tywanna Brantley. (*Id.* at 13, 17–18; *see also* Doc. 52 at 6–8). Defendant first contacted Ms. Brantley, a former UHC employee, on March 7. (Doc. 62 at 17 (stating a review of Stone's deposition transcript in late February spurred this decision)). It obtained a declaration from her, which was produced to Plaintiff on March 12. (*Id.*). The next day, Defendant supplemented its disclosures under Federal Rule of Civil Procedure 26(a)(1) to add Brantley as a person on whom it may rely to support its claims. (*Id.*). According to Defendant, it took Plaintiff ten days to request a conference to discuss the declaration. (*Id.*). Though Defendant quickly provided counsel's availability, Plaintiff's delayed response meant their conferral didn't happen until April 3. (*Id.* (representing Plaintiff responded to counsel's March 24 email on April 2)).

4

Plaintiff argues that because Defendant provided the declaration and supplemented its disclosures so close to April 4—the close of fact discovery—it was too late for Plaintiff to issue additional written discovery or notice Brantley's deposition before April 4. (Doc. 62 at 13 (also stating it was not feasible due to several other noticed depositions and the issues presented in the motions to compel)). It wants to conduct that discovery now. (*Id.*). In other words, Plaintiff argues it should have blanket permission to conduct more discovery on issues it was aware of before the close of discovery.

Put simply, Plaintiff's plea comes too late. As discussed in more detail below, the Court is not permitting limitless fact discovery. At the end of the day, Plaintiff had time in between Defendant's supplemental disclosure and the close of fact discovery. From both sides' representations, it appears Plaintiff did not prioritize the discovery. Nor did Plaintiff present these circumstances to the Court prior to April 4 as good cause to extend the fact discovery deadline. Plaintiff's choices have consequences.

### E. Discovery Moving Forward

The parties disagree on where to go from here. Plaintiff wants discovery beyond that sought in the parties' motions to compel. (*Id.* at 11–12). It details at length the supplemental discovery and new discovery it will seek after the issues discussed above are resolved. (*Id.*). Plaintiff claims it would be premature for the Court to say whether this discovery is permissible "when the subject supplemental answers and production have not yet been fully agreed to or provided." (*Id.* at 12). It further wants unlimited fact discovery to procced until August 29. (*Id.* at 20–21). Plaintiff also avers that the rest of the case deadlines should be stayed because it cannot estimate when it can produce primary expert reports or file dispositive motions. (*Id.*).

Defendant disagrees. Defendant argues that the deadline to complete fact discovery was April 4. (*Id.* at 14; *see also* Doc. 30). And the purpose of the ongoing discovery was to resolve the issues identified in the motions to compel. (Doc. 62 at 14). In other words, the only issues outstanding with respect to fact discovery are those addressed in the Court's April 10 Opinion and Order.

Defendant is right. The fact discovery deadline in this case passed. (Doc. 30). Though the Court subsequently stayed discovery deadlines, the purpose of the stay was to allow the parties time to collaborate on the specific issues the Court identified in its April 10 Order and Opinion. (Doc. 51 at 23–24). The stay was not intended to allow the parties to jump back into unrestrained discovery.

Still, the Court understands Plaintiff's concerns about the potential need for some supplemental discovery because of recent production. (Doc. 62 at 11–12). Consequently, the Court will consider, on a case-by-case basis, allowing fact discovery for **limited** purposes, such as authenticating documents produced after April 4. Plaintiff is **WARNED** that this is not blanket permission to seek more fact discovery, and it must seek leave of Court to propound additional requests. In seeking leave of Court, Plaintiff will be required to explain why the fact discovery it seeks does not exceed the scope of the Court's April 10 Opinion and Order.

**F.  Case Schedule**

Finally, the Court **ADOPTS** the following case schedule:

- Production of Ms. Stone's medical records            June 30, 2025
- Continuation of Ms. Stone's in-person deposition    August 15, 2025
- Primary expert reports                              September 30, 2025
- Expert depositions                                  October 30, 2025

6

- Rebuttal expert reports                    December 4, 2025
- Rebuttal expert depositions                January 9, 2026
- Dispositive motions                        February 13, 2026

The Court requires the parties to collaborate on internal production deadlines as discussions of their unresolved issues progress. To be clear, fact discovery beyond the scope of the Court's April 10 Opinion and Order (Doc. 51), is closed. The parties are **WARNED** that the Court will not extend this case schedule.

Further, the Court **ORDERS** the parties to contact the Court-assigned mediator in this case by September 1, 2025. The parties are **ORDERED** to schedule a mediation session **within sixty (60) days** of that date.

IT IS SO ORDERED.

Date: June 3, 2025                    /s/Kimberly A. Jolson
                                      KIMBERLY A. JOLSON
                                      UNITED STATES MAGISTRATE JUDGE