**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,**

        **Plaintiff,**

    **v.**                         **Civil Action 2:23-cv-3010**
                                     **Judge Michael H. Watson**
                                     **Magistrate Judge Kimberly A. Jolson**

**UNITED HEALTHCARE
SERVICES, INC.,**

        **Defendant.**

**OPINION & ORDER**

Before the Court is Defendant's Motion to Seal.  (Doc. 80).  Defendant asks to file under seal portions of six non-party witness deposition transcripts.  (*Id.*).  Plaintiff consents to the request. For the following reasons, the Motion is **GRANTED**.

When considering a motion to seal, courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case.  *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).  "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citation omitted).  "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'"  *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)).  For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records."  *Id.*  (quoting *Brown & Williamson*, 710 F.2d at 1179); *see also id.* ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Id.* at 308 (citation omitted). "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury . . . And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). If there is a compelling reason, "the party must then show why those reasons outweigh the public interest in access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305).

The Court "has an obligation to keep its records open for public inspection [and] that obligation is not conditioned upon the desires of the parties to the case." *Harrison v. Proctor & Gamble Co.*, No. 1:15-CV-514, 2017 WL 11454396, at *1–2 (S.D. Ohio Aug. 11, 2017) (citing *Shane Grp.*, 825 F.3d at 307). A court "that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176). In sum, to overcome "the strong presumption in favor of openness," parties who move to seal documents must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash*, 767 F. App'x at 637.

Defendant seeks to keep under seal portions of deposition transcripts that reveal sensitive or private information of non-party witnesses.  Generally, the proposed redactions shield the witnesses' home address, family history, or medical history.  (Doc. 80).  The Court takes seriously the privacy interests of third parties.  *Shane Grp., Inc.*, 825 F.3d at 308 ("[T]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation." (citation and internal quotation marks omitted)).  This is particularly true with regards to their private health information and personal information.  *See, e.g.*, *Columbia Gas Transmission, LLC v. 171.54 Acres of Land*, No. 2:17-CV-70, 2021 WL 4260422, at *2 (S.D. Ohio Sept. 20, 2021) (granting a motion for leave to seal a non-party's private health and medical information); *Ewalt v. Gatehouse Media Ohio Holding II, Inc.*, No. 2:19-CV-4262, 2023 WL 8434728, at *2 (S.D. Ohio Aug. 9, 2023) (permitting third parties' names, email addresses, and phone numbers to be redacted).  So too here the Court finds a compelling interest in sealing this information.

And the public's interest in this information does not override the compelling interest in keeping it sealed.  As Defendant says, the public does not need to know this information to understand the basis for Plaintiff's claims, the parties' summary judgment briefing, or the Court's eventual summary judgment ruling.  The unsealed portions of the docket are enough.  Finally, the redactions are limited in nature and narrowly tailored to protect the compelling interests at stake.

For these reasons, Defendant's Motion to Seal is **GRANTED** (Doc. 80).  Defendant is **ORDERED** to file unredacted versions of the depositions at issue under seal **within seven (7) days.**

IT IS SO ORDERED.

Date: May 19, 2026                         /s/Kimberly A. Jolson
                                           KIMBERLY A. JOLSON
                                           UNITED STATES MAGISTRATE JUDGE

3