IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Civil Action No. 2:23-cv-3010 |
| | ) | Judge Michael H. Watson |
| Plaintiff, | ) | |
| v. | ) | Magistrate Judge Kimberly A. Jolson |
| | ) | |
| UNITED HEALTHCARE SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OPPOSITION TO EXTENSION OF TIME FOR DEFENDANT TO OPPOSE THE EEOC'S MOTION TO EXCLUDE DEFENSE EXPERT AND STRIKE EXPERT REPORT AND TESTIMONY**

The EEOC opposes Defendant's request for a four-week extension of time to respond to the EEOC's Motion to Exclude Defense Expert and Strike Expert Report and Testimony.

Defense counsel emailed the EEOC to request the extension after hours on May 21, 2026. On May 22, 2026, in recognition of the fact that Defendant's deadline falls the day after a holiday weekend, the EEOC consented to a one-week extension.  However, the EEOC opposes the requested four-week extension.  With the requested extension, Defendant seeks a total of 40 days to respond to the EEOC's Motion, which is four times the opposition period allowed by the Court's Civil Standing Order.  This is excessive, and Defendant has not shown good cause for the extension as required by Federal Rule of Civil Procedure 6(b).  Further, the lengthy extension Defendant seeks would prejudice the EEOC.

Defendant says there are nearly 800 pages of exhibits to the EEOC's motion, but this does not create good cause for a lengthy extension.  The exhibits to the EEOC's motion consist in very significant part of full transcripts of the defense expert's deposition and Charging Party Amanda Stone's deposition, simply filed in full pursuant to the Court's rules.  All exhibits are documents

1

with which both defense counsel and the defense expert are well-acquainted.  The 16 exhibits consist of the defense expert's report, *curriculum vitae,* and list of testimony; 8 publications the defense expert cited in his report or admitted he had referenced to confirm that HEK293 cells were used in testing the mRNA COVID vaccines (Bolaris Dep Tr., Doc. 79-2, 32:20-25, 34:3-35:12); transcripts of Stone's testimony that the defense expert read in preparing his report; short exemption requests that were exhibits to Stone's deposition transcript; a 10-page decision in another case in which the defense expert testified; and the defense expert's own deposition transcript in this case.  The attachment of these familiar documents to the EEOC's Motion does not warrant quadrupling Defendant's time for response.

Further, Defendant has filed a motion for summary judgment, to which the EEOC must file its opposition by June 8, 2026.  Given that Defendant's motion for summary judgment relies on the defense expert's report (*see* Doc. 081-001 SOF ¶¶ 4-7, 15, 75, PAGEID # 2811-2813, 2817-18), the EEOC would be unduly prejudiced if it were deprived of the ability to review Defendant's opposition to the EEOC's motion to exclude that report before completing and filing the EEOC's opposition to Defendant's motion for summary judgment.

For all of the foregoing reasons, the EEOC respectfully requests that the Court deny Defendant's motion for such an extension.

Respectfully submitted,

*s/ Jessi Isenhart*
Jessi Isenhart
Trial Attorney
U.S. EEOC – Cleveland Field Office
1240 E. 9th Street, Suite 3001
Cleveland, OH 44199
Telephone: 216-306-1121
jessi.isenhart@eeoc.gov

Counsel for the EEOC

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was filed by CM/ECF, this 26th day of May, 2026, with electronic notification to all counsel of record.


*s/ Jessi Isenhart*