IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Civil Action No. 2:23-cv-3010 |
| | ) | Judge Michael H. Watson |
| Plaintiff, | ) | |
| v. | ) | Magistrate Judge Kimberly A. Jolson |
| | ) | |
| UNITED HEALTHCARE SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF
THE EEOC'S MOTION TO EXCLUDE DEFENSE EXPERT**

The EEOC hereby moves for leave to file a reply in support of the EEOC's Motion to Exclude Defense Expert and Strike Expert Report and Testimony and in support thereof states the following:

1. On May 14, 2026, the EEOC filed its Motion to Exclude Defense Expert and Strike Expert Testimony (Doc. 79) (EEOC's *"Daubert* Motion").

2. On June 2, 2026, Defendant United Healthcare Services, Inc. ("UHC") filed is Opposition to the EEOC's *Daubert* Motion (Doc. 88).  In its Opposition, UHC misstates the Rule 702 standards for admission of expert testimony; mischaracterizes the EEOC's *Daubert* Motion; levels untrue, *ad hominem* attacks at the EEOC, accusing the EEOC of filing its *Daubert* Motion for improper purposes (*see* Doc. 88, PAGEID ## 5848, 5849, 5860); and confirms that UHC proffers Bolaris's testimony for the unconstitutional purpose of drawing the jury into an evaluation of the truth or correctness of Stone's religious beliefs (*see* Doc. 88, PAGEID ## 5848, 5861, confirming UHC proffers Bolaris's testimony to "help[]" the jury "evaluat[e]" Stone's objections

1

to the vaccines by "distinguish[ing] between scientifically established facts and commonly circulated misconceptions").

3.      Pursuant to the Court's Standing Orders for Civil Cases, section IV, the EEOC must seek leave from the Court to file a reply in support of its *Daubert* Motion.  The EEOC should have an opportunity to respond to UHC's misstatements of the law, mischaracterization of the EEOC's motion, *ad hominem* and untrue attacks on the EEOC, and disregard for constitutional boundaries on evidence and argument relating to religion.  Further, because the EEOC did not wait to file its *Daubert* motion until the deadline for such motions 30 days before trial, and no trial date has been set in this matter, permitting the EEOC a reply will not interfere with trial or other time-sensitive pretrial procedures.  Accordingly, the EEOC seeks leave to file a reply.

4.      The EEOC seeks fourteen days from the date of UHC's Opposition, until and including June 16, 2026, to file the requested reply.

5.      Pursuant to Local Rule 7.3(b), the EEOC consulted UHC counsel to solicit UHC's consent to the EEOC's request for a reply.  UHC does not consent.

WHEREFORE, the EEOC respectfully requests leave to file a reply in support of the EEOC's *Daubert* Motion on or before June 16, 2026.

Respectfully submitted,

*s/ Jessi Isenhart*
Jessi Isenhart
Trial Attorney
U.S. Equal Employment Opportunity Commission
Cleveland Field Office
1240 E. 9th Street, Suite 3001
Cleveland, OH 44199
Telephone: 216-306-1121
jessi.isenhart@eeoc.gov

Counsel for the EEOC

2