IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

v.

UNITED HEALTHCARE SERVICES, INC.,

        Defendant.

Civil Action No. 2:23-cv-3010

Judge Michael H. Watson

Magistrate Judge Kimberly A. Jolson

**OPPOSITION TO MOTION FOR LEAVE TO FILE A REPLY
IN SUPPORT OF THE EEOC'S MOTION TO EXCLUDE DEFENSE EXPERT**

Defendant United Healthcare Services ("UHC" or "Defendant") submits its Opposition to the EEOC's Motion for Leave to File a Reply in Support of its Motion to Exclude Defense Expert. The EEOC has not provided any justification to overcome this Court's presumption against allowing reply briefs. The parties have fully briefed the issues, and the EEOC should not be permitted to depart from this Court's rules and argue its points again. Further briefing would cause prejudice to UHC, and create duplication and inefficiencies. This Court should therefore reject the EEOC's request to file a reply brief and rely on the expansive papers already filed.

**ARGUMENT**

**I.**    **THE EEOC HAS NOT OVERCOME THIS COURT'S PRESUMPTION AGAINST ALLOWING REPLY BRIEFS**

Section IV of the Court's Standing Orders for Civil Cases requires leave of Court to file any reply brief, reflecting the Court's deliberate policy disfavoring replies. The EEOC's motion provides no justification to overcome that presumption. Indeed, the EEOC identifies no new legal issue, authority, or argument whatsoever that could not have been anticipated and addressed in its expansive opening brief.

**A.** **The Court Is Capable of Resolving the Parties' Legal Disputes Based on the Briefing To-Date.**

The EEOC argues that a reply is warranted because UHC's Opposition contains "ad hominem attacks at the EEOC[.]" Motion ¶ 2. This is simply not true; demonstrating the improper bases for a *Daubert* motion does not attack any individual attorney. Due to the very nature of this proceeding – where the EEOC is acting as both a party and counsel – disagreement with the EEOC's tactics is not "ad hominem," but rather, it is the reality of a framework in which the party and the lawyers are the same entity. Permitting replies on this basis would render the Standing Order's prohibition meaningless. The Court is fully capable of evaluating the briefs, and disregarding any argument it feels is not material, without the need for a third submission.

The EEOC also argues that a reply is warranted because UHC's Opposition contains "misstatements of the law" and "mischaracterization." In support of its request, the EEOC cites to certain PAGEID numbers (## 5848, 5849, 5860), but provides no explanation why those passages require a reply rather than simply being left for the Court to evaluate. Motion ¶ 2. The purpose of a reply is to narrowly respond to arguments raised in opposition, not to raise new theories. Again, both parties have fully briefed the issues, and the Court is fully capable of resolving legal disputes.

**B.** **The EEOC's Exhaustive Opening Brief Preemptively Addressed UHC's Anticipated Arguments.**

Nor can the EEOC legitimately argue that UHC raised points in its Opposition that were not, or could not have been, addressed by the EEOC in its opening brief. The EEOC's opening brief spans 20 pages of argument and includes 16 exhibits, including the Bolaris expert report, Bolaris's deposition transcript, and Stone's deposition transcript, among other exhibits. *See* ECF 79. There is no plausible argument that the EEOC was unable to anticipate UHC's defenses, and in fact, the EEOC did preemptively address many of those arguments.

For example, while the EEOC asserts that it needs further briefing in order to argue that

2

UHC's reliance on Dr. Bolaris is somehow "unconstitutional" (*see* Motion ¶ 2), this (erroneous) argument was already the centerpiece of the EEOC's opening brief. *See* ECF 79 at pp. 4-14. UHC's response to that argument is the expected opposition, not a new issue warranting additional briefing.

Thus, having briefed the anticipated opposition arguments in its opening brief, the EEOC cannot credibly claim that a reply is required to address unanticipated points.

## II.      GRANTING THE EEOC'S MOTION WOULD PREJUDICE UHC AND CREATE JUDICIAL INEFFICIENCIES

The EEOC chose not to retain a rebuttal expert. Perhaps for this reason, the EEOC used its Motion to Strike to improperly argue – relying solely on attorney argument – the merits of its case and effectively expand its page limits for summary judgment briefing. *See, e.g.,* UHC Opp. at pp. 1-2, 7, 15-19. As discussed in the Opposition, in doing so, the EEOC mischaracterized Dr. Bolaris's report and testimony, including the unsupported assertion that he opined that Stone's beliefs were "akin to social-media-fueled hoaxes, conspiracy theories, and fearmongering[.]" UHC Opp. 14. Granting a reply would reward this strategic decision and give the EEOC yet another opportunity to improperly advance merits arguments under the guise of a *Daubert* challenge, further circumventing the Court's briefing framework.

Further, given the breadth of the EEOC's opening motion, any "reply" would likely expand the scope of argument beyond what was originally briefed. As such, if the Court permits a reply (particularly on the grounds provided), UHC anticipates that it would reasonably need to seek leave to file a sur-reply, creating further unnecessary delays and inefficiencies.

## CONCLUSION

Fed. R. Civ. P. 1 reminds the parties that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of

3

every action and proceeding." The EEOC's demand for a disfavored reply brief under these circumstances runs directly counter to this concept of judicial efficiency. For all of the reasons described above, the EEOC's motion to for leave to file a reply brief should be denied.

DATE:  June 15, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Daniel Birnbaum*
    *Daniel Birnbaum*
    DBirnbaum@seyfarth.com
    Christopher J. DeGroff (*pro hac vice*)
    cdegroff@seyfarth.com
    Dawn Reddy Solowey (*pro hac vice*)
    dsolowey@seyfarth.com
    Jesse M. Coleman (*pro hac vice*)
    JMColeman@seyfarth.com
    Samantha L. Brooks (*pro hac vice*)
    sbrooks@seyfarth.com
    SEYFARTH SHAW LLP
    233 South Wacker Drive
    Suite 8000
    Chicago, Illinois  60606-6448
    Telephone:    (312) 460-5000
    Facsimile:    (312) 460-7000

    *Attorneys for Defendant*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing Opposition to Plaintiff's Motion for Leave to File a Reply Brief in Support of the EEOC's Motion to Exclude Defense Expert has been electronically filed and served upon all counsel of record using the CM/ECF system on this the 15th day of June, 2026.

> Jessi Isenhart, Trial Attorney
> Emily Datnoff, Trial Attorney
> Taylor Hilton, Trial Attorney
> U.S. Equal Employment Opportunity Commission
> Cleveland Field Office
> 1240 E. 9th Street, Suite 3001
> Cleveland, OH 44199
> jessi.isenhart@eeoc.gov
> emily.datnoff@eeoc.gov
> taylor.hilton@eeoc.gov
>
> *Attorneys for Plaintiff*

> */s/ Daniel Birnbaum*
> Daniel Birnbaum

5