IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Civil Action No. 2:23-cv-3010 |
| Plaintiff, | ) ) | Judge Michael H. Watson |
| v. | ) ) | Magistrate Judge Kimberly A. Jolson |
| UNITED HEALTHCARE SERVICES, INC., | ) ) | |
| Defendant. | ) ) ) | |

**REPLY IN SUPPORT OF THE EEOC'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF THE EEOC'S MOTION TO EXCLUDE DEFENSE EXPERT**

The Court should permit the EEOC to file a reply in support of the EEOC's *Daubert* Motion, Doc. 79. UHC says allowing the EEOC to file a reply would be counter to judicial efficiency and "the Court's deliberate policy of disfavoring replies" and argues that the EEOC has not shown that UHC included anything in its reply that the EEOC could not have anticipated when filing its *Daubert* Motion, but both arguments ring hollow.

It is common in federal litigation to allow the moving party an opportunity for a reply to address arguments raised in the other party's opposition brief. *See, e.g.*, Local Civil Rule 7.2(a)(2) (allowing replies as a matter of course). There is no reason to depart from the norm of allowing a reply in this instance. UHC previously noted that the Court's usual 10-day opposition period for *Daubert* motions and the Court's default disallowance of replies are tied to the fact that the Court allows the submission of *Daubert* motions as late as 30 days before the final pretrial conference, necessitating an expedited briefing schedule for motions filed at the deadline. Def.'s Reply to Pl.'s Opp. to Mot. for Extension, Doc. 86, PAGEID 5843. As UHC acknowledged, these "typically

1

expedited circumstances for a tight briefing schedule (imminent trial) are not present here," as neither the final pretrial conference nor trial have been set at this time. *Id.* at 5843-5844.

Further, there is good cause to allow the EEOC a reply. UHC relies heavily on Bolaris's proffered testimony for its defenses to liability, and the nature and admitted purposes of the proffered testimony present a danger of First Amendment violations that is of the utmost importance. Given the great importance of such matters, there is good cause to allow the EEOC to respond to the arguments raised in UHC's Opposition. UHC argues that it should be able to present testimony for the purpose of influencing the jury's evaluation of Stone's religious objections to receiving a COVID vaccine by presenting the jury with testimony on what is "objectively true" about vaccines and the uses of fetal cell lines and what is not, *id.* at PAGEID 5848, 5855-5856, 5861, 5857. The EEOC asks for an opportunity to reply to ensure that the impermissible and unconstitutional nature of such an endeavor is clear. Further, UHC grossly misstated Rule 702 and the standards that apply under it. UHC quoted a 2008 decision to state the requirements of Rule 702 and acknowledged no change in the Rule since that time despite the fact that the Rule was amended in 2011 and in December, 2023. Def.'s Opp., Doc. 88, PAGEID 5854. Pressing on, UHC incorrectly argued that the EEOC's challenges to the reliability of Bolaris's testimony go to weight, not admissibility, and must be worked out before a jury rather than decided by the court. Def.'s Opp., Doc. 88, PAGEID, *passim*. The EEOC asks for an opportunity to reply to ensure it is clear that this argument is not viable. *Taylor v. Bristol-Meyers Squibb Co.*, 93 F.4th 339, 348 n.7 (6th Cir. 2024) (Rule 702 was amended in December, 2023, to correct many court decisions that had incorrectly held "that the critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology, are questions of weight and not admissibility), quoting Advisory Comm. Notes to 2023 R. 702 Amendments. UHC similarly repeatedly attempted

2

to transform UHC's burden under Rule 702 to show reliability of Bolaris's methodology and testimony into an EEOC burden to show unreliability.  Def.'s Opp., Doc. 88, PAGEID 5859 (arguing that the distinction the EEOC makes between testing vaccines using fetal cells lines during their development and non-developmental experimentation on currently marketed products "is not grounded in any recognized methodological principle"),  PAGEID 5849, 5853-5854, 5860 (arguing without authority that the EEOC cannot challenge the reliability of Bolaris's testimony because the EEOC did not proffer testimony from a rebuttal expert).  The EEOC asks for an opportunity to reply to address these misstatements of the Rule 702 standard as well.  UHC also accused the EEOC of filing its *Daubert* Motion to exceed the page limits for its opposition to a motion for summary judgment, *id.* at PAGEID 5848, 5860, and mischaracterized the EEOC's motion, including by claiming that the EEOC cites no support for its argument that Bolaris opined that Stone's beliefs were akin to hoaxes, conspiracy theories, and fearmongering, *id.* at PAGEID 5861.  The EEOC asks for an opportunity to explain that its *Daubert* Motion was filed for proper purposes, not to expand the page limits for its response to a summary judgment motion that had not even been filed yet, and to direct the Court's attention to the support in the EEOC's *Daubert* Motion and Bolaris's report for the EEOC's statements about Bolaris's opinions on Stone's religious beliefs.

There is good cause to allow the EEOC to file a reply to address all of these matters, and there is no additional requirement that the EEOC support its request for a reply by showing that it could not have anticipated the arguments UHC would make in opposition to the EEOC's *Daubert* Motion when the EEOC filed the Motion.  UHC has cited no authority for this argument, and the Court's Rules do not support it.  *See* Local Civil Rule 7.2.(a)(2) (when additional briefing beyond what is enumerated by rule is sought, the party seeking additional briefing simply has to show

3

good cause).  Nonetheless, it also is absurd to suggest that the EEOC should have anticipated the full depth and details of UHC's disregard for First Amendment boundaries on testimony and argument about religious beliefs and for Rule 702 standards before seeing UHC's Opposition.

For all of the foregoing reasons, and for all reasons stated in the EEOC's Motion for Leave to File a Reply in Support of the EEOC's Motion to Exclude Defense Expert, Doc. 90, the EEOC respectfully requests that the Court grant its Motion for Leave and order that the EEOC's reply may be filed by a date that is set by the Court.

Respectfully submitted,

*s/ Jessi Isenhart*
Jessi Isenhart
Trial Attorney
U.S. Equal Employment Opportunity Commission
Cleveland Field Office
1240 E. 9th Street, Suite 3001
Cleveland, OH 44199
Telephone: 216-306-1121
jessi.isenhart@eeoc.gov

Counsel for the EEOC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was filed by CM/ECF, this 22nd day of June, 2026, with electronic notification to all counsel of record.

*s/ Jessi Isenhart*

4