IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Civil Action No. 2:23-cv-3010 |
| Plaintiff, | ) ) | Judge Michael H. Watson |
| v. | ) ) | Magistrate Judge Kimberly A. Jolson |
| UNITED HEALTHCARE SERVICES, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

**MOTION FOR LEAVE TO FILE A SUR-REPLY
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Civil Rule 7.2(2), the EEOC hereby moves for leave to file a sur-reply in opposition to Defendant's Motion for Summary Judgment because Defendant filed a reply in support of its motion that relies on wholly new arguments, testimony, and exhibits that the EEOC must be provided an opportunity to respond to. In support therefore, the EEOC states the following:

On a motion for summary judgment, courts must allow the nonmovant an opportunity to respond "[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated." *Seay v. TVA*, 339 F.3d 454, 482 (6th Cir. 2003) (holding it was error for a district court to enter summary judgment where the defendant filed a reply containing new arguments and evidence and the plaintiff did not receive an adequate opportunity to respond to the new material presented in the reply); *Hardy Oil Co. v. Nationwide Agribusiness Ins. Co.*, 587 Fed. App'x 238, 239-240  (6th Cir. 2014) ("Before a district court grants summary judgment, it must allow the nonmoving party an opportunity to respond to any new arguments or evidence raised in the moving party's reply brief;" holding the district court

1

should not have entered summary judgment without giving the plaintiff an adequate opportunity to respond to new arguments and evidence cited for the first time in the defendant's reply brief).

On June 22, 2026, Defendant filed a Memorandum of Law in Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Defendant's "Reply") (Doc. 94), wherein Defendant raises wholly new arguments and relies on testimony and numerous new exhibits (*see* Docs. 94-1 through 94-11) it did not raise or rely on in its opening brief.

For example, in Defendant's opening brief, Defendant argued that granting Stone's religious exemption requests "risked contractual noncompliance" because "given the volume of exemption requests, as many as 'one or two dozen' employees could have been unavailable for field work." Doc. 81-1, PAGEID 2814-2815. For this argument, Defendant relied solely on Sally Fischer's testimony that she denied Stone's exemption request because she was concerned Stone might have to go out into the field once her staff returned to the field because, "I might have…one or two dozen people who could not go out and do field visits if we were to approve these…accommodations." Doc. 81-1, PAGEID 2814-2815, citing Def.'s SOF ¶¶ 52-53; Fischer (Doc. 81-3) 99:4-21. In its Opposition, the EEOC showed that this purported concern had no basis in fact because there was no sign of a potential field staff shortage in the Ohio MMP that Stone worked in when Fischer denied her exemption requests and Defendant fired her. Doc. 89, PAGEID 5887-5888. In its Reply, Defendant now pivots to several new arguments.

For the first time, Defendant now argues that it would have been an undue hardship to grant Stone's request because doing so would have "set the operational baseline for the dozens of other pending requests," that had been made by employees in positions other than Stone's and in other programs. Doc. 94, PAGEID 6151-6152 (also relying in part on new Def.'s Decl. Ex. 3). Also for the first time, Defendant now argues, nonsensically, that so many people were at risk of being

2

placed on unpaid leave or fired because Defendant would not grant or continue exemptions for them that this somehow would have made it an undue hardship to grant Stone an exemption instead of adding her to the tally of staff lost to Defendant's application of its vaccine mandate.  Doc. 94, PAGEID 6150-6151, 6153; Def.'s Exs. T, U, and Decl. Ex. 4, Docs. 94-1, 94-2, and 94-8.  Further, for the first time, Defendant now attempts to show it had "legitimate concerns about field staff not being able to go into the field and contract compliance" by pointing to messages from Raynee Meyer and Jolene Tanner vaguely stating that falling below an approximate percentage of clinical staffing levels would put the C&S program "at significant risk in meeting contractual requirements and member needs" and counting up the number of clinical staff across C&S Ohio who were at risk of being placed on unpaid leave or fired because they were not vaccinated.  Doc. 94, PAGEID 6153, Def.'s Exs. T, U, and Decl. Ex. 4.

In Defendant's reply, Defendant also now tries to support its contentions that Stone's job required in-person contacts by relying on emails, testimony, and a spreadsheet Defendant did not cite in its opening brief.  Doc. 94, PAGEID 6152, 6156; Def.'s Exs. V, X, Docs. 94-3, 94-5.

Defendant presents numerous new arguments, exhibits, and transcript citations in its Reply in support of Defendant's burden to show undue hardship, and the EEOC will be deprived of an opportunity to respond to them unless the EEOC is allowed a sur-reply.  The EEOC must be given an opportunity to respond.  *Seay*, 339 F.3 at 482; *Hardy*, 587 Fed. App'x 239-240.  Accordingly, there is good cause to allow the EEOC a sur-reply in opposition to Defendant's Motion for Summary Judgment.

Pursuant to Local Rule 7.3(b), the EEOC consulted UHC counsel to solicit UHC's consent to the EEOC's request for a sur-reply.  UHC does not consent.

3

WHEREFORE, the EEOC respectfully requests leave to file a sur-reply in opposition to Defendant's Motion for Summary Judgment within a reasonable period after the Court rules on this Motion for Leave.

Respectfully submitted,

*s/ Jessi Isenhart*
Jessi Isenhart
Trial Attorney
U.S. Equal Employment Opportunity Commission
Cleveland Field Office
1240 E. 9th Street, Suite 3001
Cleveland, OH 44199
Telephone: 216-306-1121
jessi.isenhart@eeoc.gov

Counsel for the EEOC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was filed by CM/ECF, this 25th day of June, 2026, with electronic notification to all counsel of record.

*s/ Jessi Isenhart*

4