IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | Civil Action No. 2:23-cv-3010 |
| Plaintiff, | ) ) ) | Judge Michael H. Watson |
| v. | ) ) | Magistrate Judge Kimberly A. Jolson |
| UNITED HEALTHCARE SERVICES, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

**OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant United Healthcare Services ("UHC" or "Defendant") submits its Opposition to the EEOC's Motion for Leave to File a Sur-Reply in Opposition to Defendant's Motion for Summary Judgment, ECF No. 95.

As it has done in other briefing, *see* ECF Nos. 92 and 93, the EEOC asks the Court to ignore the rules so that it can have the last word. The Court should deny what is now becoming a pattern. The EEOC has not provided any justification to overcome this Court's presumption against allowing sur-reply briefs. The parties have fully briefed the issues, and the EEOC should not be permitted to depart from this Court's rules and well-established practices and argue its points again. Further briefing would cause prejudice to UHC. This Court should therefore reject the EEOC's request to file a sur-reply and rely on the expansive papers already filed.

**INTRODUCTION**

UHC filed its Motion for Summary Judgment on May 18, 2026. ECF No. 81. Plaintiff filed its Opposition on June 8, 2026. ECF No. 89. UHC filed its Reply on June 22, 2026. ECF No. 94. After nearly three years of discovery, and two months of summary judgment briefing (as

well as briefing on the EEOC's *Daubert* motion, ECF Nos. 79 and 88, and the EEOC's strikingly similar motion for leave to file a reply to its *Daubert* motion, ECF Nos. 92 and 93), UHC's Motion for Summary Judgment now ready for the Court's consideration.  Rather than focusing on the merits, the EEOC once again attempts to insert confusion and obscure the record by asking the Court to give it yet another bite at the apple and grant leave for it to file a sur-reply to address purported "new arguments, testimony, and exhibits" raised in UHC's Reply.  ECF No. 95, PAGEID# 6204, 6206 ("new arguments, exhibits, and transcript citations").  Yet the only "new arguments, testimony, and exhibits" the EEOC identifies is that UHC responded to the EEOC's arguments raised in Opposition and cited to record materials not specifically cited in UHC's opening brief to support its positions.  However, the EEOC cites to no authority to support its positions that a movant must anticipate a non-movant's arguments in opposition to summary judgment, and argue each and every point and cite to each and every supporting exhibit in its opening brief, and that a movant is precluded from directly responding to arguments raised in opposition.

For the reasons explained *infra*, the EEOC's motion is without substantive merit. Plaintiff's request for leave to file a sur-reply should be denied.

**ARGUMENT**

"Generally, sur-replies are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *Williamson v. Fairlfield Cnty. Bd. of Commissioners*, No. 23--03518, 2026 WL 878953, at *3 (S.D. Ohio Mar. 31, 2026) (internal citation and quotations omitted); *accord Cheree-Combsez v. Otterbein Senior Life - Maineville*, No. 24- 136, 2025 WL 2605831, at *2 (S.D. Ohio Sept. 9, 2025).  "Further, the Federal Rules of Civil Procedure do not contemplate the filing of sur-replies.  This Court's Local Civil Rules

2

permit additional memoranda only 'upon leave of court for good cause shown.'" *Williamson*, 2026 WL 878953, at *3 (citing S.D. Ohio Civ. R. 7.2(a)(2)).

"The Sixth Circuit has held that a district court does not abuse its discretion in denying leave to file a sur-reply where the opposing party's reply did not raise any new legal arguments or introduce new evidence." *State Farm Mut. Auto. Ins. Co. v. Elite Health Ctrs., Inc.*, 364 F. Supp. 3d 758, 763 (E.D. Mich. 2018) (citing *Modesty v. Shockley*, 434 F. App'x 469, 472 (6th Cir. 2011)).  As courts consistently observe, when arguments raised for the first time in reply fall "within the scope of the matters [the opposing party] raised in opposition," and the reply "does not expand the scope of the issues presented, leave to file a surreply will rarely be appropriate." *Crummey v. Social Sec. Admin.*, 794 F. Supp. 2d 46, 63 (D.D.C. 2011), *aff'd*, 2012 WL 556317 (D.C. Cir. Feb. 6, 2012).  *See Cousins Smokehouse, LLC v. Louisville Processing & Cold Storage, Inc.*, 588 F. Supp. 3d 753, 763 (W.D. Ky. 2022) (denying motion for leave to file sur-reply to motion for summary judgment where movant "did not raise any new substantive arguments in its reply"); *Crenshaw v. Portfolio Recovery Assocs., LLC*, 433 F. Supp. 3d 1057, 1063 (W.D. Ky. 2020) ("In the case at bar, a sur-reply is unwarranted because Crenshaw's reply merely [to motion to dismiss] responds to arguments made by Defendants in their response. As such, there is no valid reason to grant leave for Defendants to file an additional reply.").

**A.**   **UHC'S REPLY BRIEF DID NOT RAISE ANY NEW ARGUMENTS OR EVIDENCE REQUIRING ADDITIONAL BRIEFING.**

The only "new" issue the EEOC identifies in its Motion for Leave is UHC's (inevitable) responses to the EEOC's arguments in Opposition to Summary Judgment, and record evidence and testimony cited in support thereof.  This does not constitute new arguments or new evidence. Indeed, if the EEOC's reasoning was accepted, a sur-reply would be warranted for virtually every motion in every case.  That is simply not how the Rules operate.

3

First, the EEOC claims that in its Reply, UHC made new and additional arguments regarding the fact that granting Stone's religious exemption request risked contractual noncompliance and would have been an undue hardship.  ECF No. 95, PAGEID# 6205-6206. The EEOC *concedes* UHC argued this exact point in its opening brief, and that UHC merely elaborated on its contractual noncompliance argument in Reply.  UHC's Reply makes clear that its contractual discussion is in *direct response* to the EEOC's unsupported arguments and factual misstatements made in Opposition.  *See* ECF No. 94, PAGEID# 6150, 6151-6152, 6153.  The EEOC fails to cite to any authority that UHC may not elaborate on its arguments in Reply to address the EEOC's Opposition, or that it may not cite supporting evidence in Reply.  To the contrary, the Sixth Circuit has held that a party does not "raise new arguments" in Reply where a "reply brief does nothing more than reply to the allegations made in [opposition] and elaborate on the arguments made in their original motion."  *Asbury v. Teodosio*, 412 F. App'x 786, 792 (6th Cir. 2011).

UHC argued in its opening brief — supported by Fischer's testimony at SOF ¶¶ 51-53 — that based on the volume of exemption requests Fischer received, granting Stone's accommodation could have meant "one to two dozen people who could not go out and do field visits," which threatened UHC's ability to satisfy its contractual obligations to the State of Ohio for in-person member care.  ECF No. 81-1, PAGEID# 2814-2815.  UHC further argued in its opening brief that its operations were governed by contractual requirements for face-to-face, in-home care-management visits, and that granting Stone's exemption risked noncompliance with those obligations.  *Id*. at PAGEID# 2814-2815; Def.'s SOF ¶¶ 16-18.

In Opposition, the EEOC contended these points had "no basis in fact" and characterized Fischer's staffing concerns as disingenuous and pretextual.  ECF No. 89, PAGEID# 5887-5888.

UHC's Reply responded directly to that inaccurate contention by providing record evidence demonstrating that UHC's concern about field staffing levels and contractual compliance was genuine and well-founded.  Specifically, UHC cited email communications from Raynee Meyer and Jolene Tanner, Exhibits T and U, expressing concern that falling below an approximate percentage of clinical staffing levels would put the C&S program "at significant risk in meeting contractual requirements and member needs." ECF No. 94, PAGEID# 6153; Def.'s Exs. T, U. This evidence was cited in Reply served only to rebut the EEOC's unsupported assertion that UHC's staffing and contractual compliance concerns lacked any basis in the record.

The EEOC's contention that UHC raised an entirely "new" argument in Reply by referring to Fischer's concern as one about "set[ting] the operational baseline for the dozens of other pending requests" likewise mischaracterizes the record.  ECF No. 95, PAGEID# 6205. That is not a new argument — it is precisely the same argument UHC made in its opening brief, and reiterated with even greater specificity in direct response to the EEOC's Opposition.  The core point in both the opening brief and the Reply is identical: Fischer could not approve Stone's open-ended exemption request in isolation because doing so, given the volume of pending requests across C&S Ohio, risked leaving UHC without sufficient field-capable staff to satisfy its contractual obligations.  Def.'s SOF ¶¶ 51-53; ECF No. 94, PAGEID# 6151-6153.  Articulating that concern in response to the EEOC's Opposition attack is precisely the purpose of a reply brief.  *See Asbury*, 412 F. App'x at 792.

Second, the EEOC claims that in its Reply UHC "tries to support its contentions that Stone's job required in-person contacts by relying on emails, testimony, and a spreadsheet Defendant did not cite in its opening brief."  ECF No. 95, PAGEID# 6206.  The EEOC's

argument again *concedes* UHC argued this exact point in its opening brief, and again fails to cite to any authority that a sur-reply is warranted in these circumstances.

Moreover, the EEOC fundamentally mischaracterizes the purpose for which Exhibits V and X were introduced in UHC's Reply. These exhibits do not establish new instances of Stone being in the field or to expand the record regarding Stone's in-person contacts. Rather, they were introduced specifically to rebut the EEOC's misguided argument in Opposition that Fischer's decision-making process was "haphazard" and that she had no genuine basis for her accommodation determination. ECF No. 89, PAGEID# 5887. Those exhibits demonstrate that Fischer worked with Gyoker to systematically assess Stone's actual and anticipated in-person contacts — including an inquiry expressly covering both current contacts and anticipated contacts as field operations resumed — before concluding that Stone's role fell within the scope of UHC's vaccine policy. ECF No. 94, PAGEID# 6152, 6155-6156; Def.'s Exs. V, X. (Further, this part of the process is addressed in Tanner's testimony cited in SOF 50. ECF No. 81-1, PAGEID# 2807.) Pointing to record evidence to respond to the EEOC's Opposition argument that the process was deficient is not raising a "new" argument.

Third, the EEOC argues that UHC improperly submitted a "new declaration" in support of its Reply. ECF No. 95, PAGEID# 6205. This Declaration of Christina Duszlak, one of UHC's attorneys, was submitted simply to authenticate various documents and exhibits that were exchanged by the parties before the close of discovery, on April 4, 2025. ECF No. 94-6. Ms. Duszlak submitted a very similar declaration in support of UHC's Motion for Summary Judgment, again authenticating various documents and exhibits that were exchanged by the parties during discovery. ECF No. 81-21. (It is telling (a) that the EEOC did not take issue with Ms. Duszlak's Declaration in the EEOC's Opposition, and (b) that Ms. Isenhart submitted her

6

own Declaration in support of the EEOC's Opposition to UHC's Motion for Summary Judgment for the exact same purpose and Ms. Duszlak's.  ECF No. 89-29.)  Ms. Duszlak is not a witness, nor does her Declaration attempt to introduce documents or other materials *not* previously exchanged during discovery.  There is nothing inappropriate about Ms. Duszlak's Declaration that warrants the submission of sur-reply.

Moreover, these issues are not new, but, again, raised in direct response to the arguments made by the EEOC in Opposition to Summary Judgment.  Because UHC's arguments and the evidence cited in support thereof fell squarely within the scope of matters raised in the EEOC's Opposition brief and did not expand the scope of the arguments or issues presented, leave to file a sur-reply is inappropriate.  *See OverDrive, Inc. v. Open eBook F.,* No. 17- 165, 2020 WL 13093748, at *9 (N.D. Ohio Mar. 30, 2020) (denying motion for leave to file sur-reply to motion for summary judgment where plaintiff-movant "merely responds to the arguments [defendant/non-movant] makes in its Response. Thus, the arguments in [plaintiff-movant's] Reply are not 'new' in the sense warranting a sur-reply."); *Carter v. Paschall Truck Lines, Inc.*, 364 F. Supp. 3d 732, 748 (W.D. Ky. 2019) (denying motion for leave to file sur-reply where "[defendant] did not make a new submission or argument in its Reply. Rather, it was responding to Plaintiffs' argument in its Response . . . ."); *State Farm Mut. Auto. Ins. Co. v. Elite Health Ctrs., Inc.*, 364 F. Supp. 3d 758, 763–64 (E.D. Mich. 2018) ("State Farm Mutual did not raise new arguments in its reply brief filed in support of its motion to compel, but rather responded to Kotz Sangster's arguments asserted in its response brief and re-asserted its arguments in support of its motion to compel. Plaintiff's sur-reply was simply an attempt to have the last word on the matter, which is precisely the reason that sur-reply briefs are so consistently disfavored.").

7

The cases relied on by the EEOC do not support its request for leave to file a sur-reply. In *Seay v. Tennessee Valley Auth.*, 339 F.3d 454, 482 (6th Cir. 2003), the Sixth Circuit held that "the district court abused its discretion in granting summary judgment [3 days after the movant filed its reply] without allowing Plaintiff an adequate opportunity to respond to the new evidence" submitted with the reply, which included a new declaration of defendant's "General Manager of Human Resources," which attached "newly-produced evidence" submitted with the reply, and was dated "seven days after Plaintiff filed his papers in opposition to [defendant's] summary judgment motion." *Id.* Further, the District Court relied on this new evidence in granting summary judgment. In *Hardy Oil Co. v. Nationwide Agribusiness Ins. Co.*, 587 F. App'x 238, 239 (6th Cir. 2014), the Sixth Circuit held that the District Court should have given plaintiff an opportunity to respond to new evidence and arguments raised in defendant's reply to summary judgment where in reply, defendant argued an entirely new defense and relied on new evidence in support of that defense. *Id.* at 240. Both *Seay* and *Hardy Oil Co.* are inapposite because the arguments raised and evidence submitted in UHC's Reply are not "new."

Finally, the EEOC describes the above issues purportedly only as "examples" of UHC's "new" arguments. ECF No. 95, PAGEID# 6205. The EEOC cannot simply hint at possible new arguments as a basis for departing from the Court's rules. *See CentralSquare Techs., LLC v. Nat'l Bd. of Boiler & Pressure Vessel Inspectors*, No. 25- 774, 2026 WL 746564, at *3 (S.D. Ohio Mar. 17, 2026) (denying motion for leave to file sur-reply to motion to dismiss where defendant "did not assert any new arguments not already raised [and where] allowing a sur-reply would not be of service to this Court and would only allow [plaintiff] to get the last word").

**B.** **UHC WOULD BE UNDULY PREJUDICED BY LEAVE TO FILE A SUR-REPLY.**

The EEOC's Motion for Leave should also be denied because UHC would be unduly prejudiced by allowing the EEOC another bite at the apple, to which UHC would have no

8

opportunity to respond.  (The EEOC did the same in attempting to file a Reply to its *Daubert* motion.  ECF No. 92 and 93.)  Allowing additional briefing will unduly delay resolution of UHC's Motion for Summary Judgment, and cause UHC to incur unnecessary attorney's fees.

In contrast, the EEOC is not prejudiced by the denial of a sur-reply. The EEOC had ample opportunity to respond to UHC's Motion.  The fact that the EEOC would like to get the last word on UHC's dispositive motion is not the prejudice envisioned by the Court. *See Shea v. Clinton*, No. 02-577, 2012 WL 13075787, at *3 (D.D.C. Dec. 7, 2012) ("The 'prejudice' that comes from not having the 'last word' is not the kind of prejudice relevant when considering whether to grant leave to file a surreply.").  Indeed, here, "allowing a sur-reply would not be of service to this Court and would only allow [plaintiff] to get the last word." *Williamson*, 2026 WL 878953, at *3.

Alternatively, should the Court grant the EEOC's Motion and permit a sur-reply, UHC requests the ability to respond to the EEOC's sur-reply, to alleviate any potential prejudice to UHC. *See Buehner v. City of Cleveland*, 788 F. Supp. 3d 827, 864 n.16 (N.D. Ohio 2025) ("the Court finds that there is no prejudice to Defendants because the Court will also address each of their Oppositions to [plaintiff's] Surreply"). But this, of course, is the very problem of never-ending briefing that this Court's rules were intended to address.

**<u>CONCLUSION</u>**

Plaintiff EEOC offers no basis warranting the acceptance of a sur-reply, and its Motion for Leave should be denied.

9

DATE:  July 1, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By: */s/ Daniel Birnbaum*

*Daniel Birnbaum*
DBirnbaum@seyfarth.com
Christopher J. DeGroff (*pro hac vice*)
cdegroff@seyfarth.com
Dawn Reddy Solowey (*pro hac vice*)
dsolowey@seyfarth.com
Jesse M. Coleman (*pro hac vice*)
JMColeman@seyfarth.com
Samantha L. Brooks (*pro hac vice*)
sbrooks@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606-6448
Telephone:      (312) 460-5000
Facsimile:      (312) 460-7000

*Attorneys for Defendant*

10

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Opposition to Plaintiff's

Motion for Leave to File a Sur-Reply in Opposition to Defendant's Motion for Summary Judgment

has been electronically filed and served upon all counsel of record using the CM/ECF system on

this the 1st day of July, 2026.

> Jessi Isenhart, Trial Attorney
> Emily Datnoff, Trial Attorney
> Taylor Hilton, Trial Attorney
> U.S. Equal Employment Opportunity Commission
> Cleveland Field Office
> 1240 E. 9th Street, Suite 3001
> Cleveland, OH 44199
> jessi.isenhart@eeoc.gov
> emily.datnoff@eeoc.gov
> taylor.hilton@eeoc.gov
>
> *Attorneys for Plaintiff*

> */s/ Daniel Birnbaum*
> Daniel Birnbaum